UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICa,

    Plaintiff,

v.                                                Case No. 1:04-CR-232

BRADLEY W. CONLEY,

                                                      HON. GORDON J. QUIST

    Defendant.
_____/

**<u>MEMORANDUM ORDER</u>**

       Defendant, Bradley W. Conley, has filed a motion for an extension of time to file a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 254). In his motion, Defendant cites various reasons why he needs an extension of time, including his lack of familiarity with the law and his inability to procure necessary legal materials. For the following reasons, Defendant's motion will be denied. However, Defendant still has until November 24, 2007 in which to file a timely motion.

       On March 25, 2005, Defendant pleaded guilty to multiple counts, including conspiracy to defraud the United States, obstruction of correspondence, and stealing identification documents. On July 11, 2005, he was sentenced to a term of ninety-six (96) months imprisonment. On August 24, 2006, his sentence was affirmed by the Court of Appeals. A Mandate was issued on September 26, 2006.

       Defendant still has sufficient time to file his § 2255 motion. 28 U.S.C. § 2255 provides that the one year statute of limitations begins to run from the latest of several dates, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The Sixth Circuit has held that:

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004)(citing *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072 (2003)).  Here the one year statute of limitations would have commenced ninety days after the Sixth Circuit issued its opinion on August 24, 2006.  Thus, Defendant has until November 24, 2007 to file his § 2255 petition or any supplements to that petition.  Because Defendant still has a significant amount of time left to file his § 2255 motion, it is unnecessary for the Court to grant him an extension.

For the reasons stated above,

**IT IS HEREBY ORDERED** as follows:

1. Defendant's motion for an extension of time to file a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 254) is **DENIED**.

2. Petitioner has until November 24, 2007, in which to file his § 2255 motion.


Dated:  October 12, 2007              /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE